**FILED**

APR 8 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

UNDER SEAL

JUDGE KC...

**MAGISTRATE JUDGE JOHNSTON**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **14 CR 5 0 0 1 9** |
| ) | |
| vs. ) | |
| ) | Violations: Title 18, United States Code, |
| ROBERT PANOZZO ) | Sections 894 and 1951 |

### COUNT ONE

The MARCH 2013 GRAND JURY charges:

1. Beginning as early as January 1, 2005 and continuing at least through December 21, 2009, at McHenry County, in the Northern District of Illinois, Western Division, and elsewhere,

ROBERT PANOZZO,

defendant herein, did conspire with Joseph D. Abbott and other persons, known and unknown to the Grand Jury, to knowingly participate in the use of extortionate means, within the meaning of Title 18, United States Code, Section 891(7), to collect extensions of credit, as defined by Section 891(1), from an individual known to the Grand Jury as Victim 1, that is by knowingly using violence or other criminal means to cause harm to the property of Victim 1, to collect and to attempt to collect from Victim 1 an extension of credit arising from loans, in violation of Title 18, United States Code, Section 894.

2. It was the object of the conspiracy for defendant ROBERT PANOZZO and others to use violence and other criminal means to cause harm to the person and property of Victim 1 in order to coerce Victim 1 to repay loans given to Victim 1 by defendant ROBERT PANOZZO.

3. It was part of the conspiracy that in 2005, defendant ROBERT PANOZZO visited Victim 1 at Victim 1's place of business in McHenry County, Illinois and loaned Victim 1 approximately $40,000.

4. It was further part of the conspiracy that defendant ROBERT PANOZZO made additional loans to Victim 1 in McHenry County, Illinois.

5. It was further part of the conspiracy that in 2006, defendant ROBERT PANOZZO and Victim 1 met at a Palatine, Illinois restaurant. During this meeting Victim 1 handed defendant ROBERT PANOZZO an envelope containing approximately $25,000 in cash which Victim 1 believed was the last in a series of payments that satisfied his loans from defendant ROBERT PANOZZO. However, after taking possession of this envelope, defendant ROBERT PANOZZO said Victim 1 still owed approximately $100,000 from the previous loans defendant ROBERT PANOZZO had made to Victim 1. At the conclusion of this meeting, defendant ROBERT PANOZZO said words to the effect of, "This is serious, I want my money."

6. It was further part of the conspiracy that on or about October 5, 2006, defendant ROBERT PANOZZO, Joseph D. Abbott, and others confronted Victim 1 at Victim 1's place of business in McHenry County, Illinois. During this confrontation, defendant ROBERT PANOZZO demanded that Victim 1 pay off his outstanding loans made by defendant ROBERT PANOZZO. When Victim 1 said he could not do so, Joseph D. Abbott and others struck Victim 1 on his arms and about his body.

7. It was further part of the conspiracy that while defendant ROBERT PANOZZO was incarcerated in the Illinois Department of Corrections from on or about November 3, 2006 through September 25, 2008, and unable to demand that Victim 1 pay off his outstanding loans

made by defendant ROBERT PANOZZO, upon the release of defendant ROBERT PANOZZO from the Illinois Department of Corrections and continuing throughout 2009, defendant ROBERT PANOZZO repeatedly called and left voice-mail messages for Victim 1 at his residence demanding that Victim 1 either pay off his loans made by defendant ROBERT PANOZZO or meet with defendant ROBERT PANOZZO to discuss repayment of the loans.

8. It was further part of the conspiracy that on or about February 8, 2009, Joseph D. Abbott left a note at Victim 1's residence in McHenry County, Illinois, which requested a meeting between defendant ROBERT PANOZZO and Victim 1.

9. It was further part of the conspiracy that on or about February 11, 2009, defendant ROBERT PANOZZO caused a note to be left at Victim 1's residence that requested that Victim 1 call defendant ROBERT PANOZZO.

10. It was further part of the conspiracy that defendant ROBERT PANOZZO paid Joseph D. Abbott $1,000 to set fire to Victim 1's van.

11. It was further part of the conspiracy that on or about February 28, 2009, Joseph D. Abbott knowingly used a flammable liquid to set fire to a Dodge Caravan that was parked in the driveway of Victim 1's residence.

12. It was further part of the conspiracy that on or about February 28, 2009, defendant ROBERT PANOZZO and other coconspirators used cellular telephones to communicate with each other about collecting the loans defendant ROBERT PANOZZO made to Victim 1.

13. It was further part of the conspiracy that on or about March 3, 2009, defendant ROBERT PANOZZO called Victim 1's residence and left a voice mail message that announced defendant ROBERT PANOZZO's intent to arrive at Victim 1's residence within one hour.

14. It was further part of the conspiracy that on or about March 3, 2009, defendant ROBERT PANOZZO called Victim 1's residence and demanded to speak with Victim 1.

15. It was further part of the conspiracy that defendant ROBERT PANOZZO paid Joseph D. Abbott $4,000 to $5,000 to "blow up" Victim 1's residence.

16. It was further part of the conspiracy that on or about April 8, 2009, Joseph D. Abbott used an incendiary device to knowingly set fire to the contents of several trash cans and the garage located at Victim 1's residence.

17. It was further part of the conspiracy that in April 2009, defendant ROBERT PANOZZO and Victim 1 engaged in a series of conversations in which defendant ROBERT PANOZZO demanded that Victim 1 repay the loans that defendant ROBERT PANOZZO had made to Victim 1.

18. It was further part of the conspiracy that on or about December 20, 2009, defendant ROBERT PANOZZO called Victim 1 and demanded that Victim 1 repay the loans that defendant ROBERT PANOZZO had made to Victim 1.

19. It was further part of the conspiracy that defendant ROBERT PANOZZO and his co-conspirators did misrepresent, conceal, and hide, and cause to be misrepresented, concealed, and hidden, the acts done in furtherance of the conspiracy and the purposes for those acts.

In violation of Title 18, United States Code, Section 894.

## COUNT TWO

The MARCH 2013 GRAND JURY further charges:

On or about April 8, 2009, at McHenry County, in the Northern District of Illinois, Western Division, and elsewhere,

### ROBERT PANOZZO,

defendant herein, knowingly participated in the use of extortionate means, within the meaning of Section 891(7) of Title 18, United States Code, to collect and to attempt to collect extensions of credit from an individual known to the Grand Jury as Victim 1 within the meaning of Title 18, United States Code, Section 891(1), that is, by knowingly causing harm to Victim 1's property, to collect or attempt to collect from Victim 1 extensions of credit;

In violation of Title 18, United States Code, Section 894.

## COUNT THREE

The MARCH 2013 GRAND JURY further charges:

1.　　Beginning as early as January 1, 2005 and continuing at least through December 21, 2009, at McHenry County, in the Northern District of Illinois, Western Division, and elsewhere,

### ROBERT PANOZZO,

defendant herein, did conspire with Joseph D. Abbott and others known and unknown to the Grand Jury, to commit extortion, which extortion would obstruct, delay, and affect commerce, as "extortion" and "commerce" are defined in Title 18, United States Code, Section 1951, in that they conspired to obtain property from an individual known to the Grand Jury as Victim 1, with his consent, induced by the wrongful use of actual and threatened force, violence, and fear.

2.　　Paragraphs Two through Nineteen of Count One of this indictment are re-alleged and incorporated herein as if fully set forth.

In violation of Title 18, United States Code, Section 1951.

## COUNT FOUR

The MARCH 2013 GRAND JURY further charges:

On or about April 8, 2009, at McHenry County, in the Northern District of Illinois, Western Division, and elsewhere,

ROBERT PANOZZO,

defendant herein, did attempt to commit extortion, which extortion would obstruct, delay, and affect commerce, in that the defendant attempted to obtain property from an individual known to the Grand Jury as Victim 1, with his consent, induced by the wrongful use of actual and threatened force, violence, and fear;

In violation of Title 18, United States Code, Section 1951.

A TRUE BILL:

_____
FOREPERSON

_Zachary T. Fardon by Joseph C. Pedersen_
UNITED STATES ATTORNEY

7