UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 14 CR 50019 |
| vs. | ) | |
| | ) | Honorable Philip G. Reinhard |
| | ) | Judge Presiding |
| ROBERT PANOZZO, | ) | |
| Defendant. | ) | |

DEFENDANT'S SENTENCING MEMORANDUM AND MOTION
FOR GUIDELINE VARIANCE AT SENTENCING

NOW COMES the Defendant, ROBERT PANOZZO, by and through his attorney, Mark A. Byrd, and herewith submits his Sentencing Memorandum and Motion for Guideline Variance, for consideration by this Honorable Court.

INTRODUCTORY COMMENTS

The Defendant, ROBERT PANOZZO, is a 59 year old Defendant who appears before the Court for sentencing following his Plea of Guilty to Count III of a multi-count Bill of Indictment charging him with the offense of conspiring to commit extortion in violation of Title 18, United States Code §1951. Mr. Panozzo comes before this Court contrite, remorseful, and in full acceptance of the judgment and sentence of this Court for the role that he played in Count III of the offense charged in the Indictment, and all relevant conduct attendant thereto. He also appears fully appreciating the wrongfulness of his conduct and the range of sentencing options available to this Court in fashioning a sentence consistent with the parsimony provision of Title 18, U.S.C. § 3553. This memorandum addresses the Defendant's objections to the Presentence Investigation Report (hereinafter PSIR), followed by his position on the advisory guideline range

under the United States Sentencing Guidelines, and concludes with his plea to the Court for a variance from the recommended guideline range and a sentence of ten (10) years followed by whatever Mandatory Supervised Release conditions the Court deems appropriate. Specifically, Defendant contends that the totality of the circumstances in this case warrants denial of the government's and the probation department's assignment of three criminal history points for his 2019 Cook County sentence for violations of the Racketeering in Corrupt Organizations (RICIO). Central to this argument is the fact that among the various RICO offenses the Defendant was charged with is the identical charge to which he has pleaded guilty to and is being sentenced for by this Court. Further, this memorandum concludes with Defendant's request for a non guideline sentence of 120 months imprisonment and respectfully submits that consideration of the totality of the circumstances in this case leads to the conclusion that such a sentence would in fact be sufficient, but not greater than necessary, to satisfy the sentencing factors set forth in Title 18, U.S.C. § 3553(a).

ADDITIONS CORRECTIONS, AND CLARIFICATIONS TO
PRESENTENCE INVESTIGATION REPORT

The Defendant does not have any additions, corrections, or clarifications to his Presentence Investigation Report.

OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The Defendant has one objection to the PSIR and the government's proposed guideline calculations that he respectfully asks this Court to consider at sentencing, and that is the three criminal history points assigned for his 2019 conviction in Cook County, the discussion of which can be found at ¶ 47 of Defendant's Presentence Investigation Report (hereinafter PSIR).

Objection # 1

Defendant objects to the PSIR and U.S. Attorney's recommendation
that he receive three criminal history points under U.S.S.G. § 4A1.1(a)
for his 2019 Cook County RICO conviction as the Racketeering conviction
in that case involved identical conduct to the charges in this case thereby
constituting relevant conduct to this case under U.S.S.G. §1B1.3(a)(1).

At ¶ 47 of the PSIR, the Probation Department as well as the United States recommends that the Court assess the Defendant three criminal history points under §4A1.1(a) for his sentence for racketeering conspiracy (hereinafter RICO) on January 3, 2019. Defendant respectfully objects to receipt of the criminal history points for that conviction as the charge of conviction in this case is identical to two offenses listed in the Cook County RICO Indictment and therefore that case constitutes relevant conduct to this offense under U.S.S.G. §3B1.1(a)(1). The Defendant's Cook County Bill of Indictment, Plea Colloquy and Sentence are all attached to the Defendant's PSIR and examination of the Indictment in that case, as well as the Indictment in this case, when applied to relevant Application Notes from the Sentencing Guidelines makes clear that the conduct in this case matches the conduct of two of the RICO allegations in the Cook County case, bringing the conduct within the ambit of relevant conduct under §3B1.1(a)(1). Examination of this issue necessarily begins with a comparison of the two Indictments.

In the case at bar, Defendant pleaded guilty to Count III of the Indictment, which charges that Defendant "did conspire with Joseph D. Abbott and others...to commit extortion...in that they conspired to obtain property from an individual known to the Grand Jury as Victim I, with [sic] his consent, induced by the wrongful use of actual and threatened force, violence, and fear." Count I, which is incorporated into Count III by reference, more specifically sets forth the facts which constituted "force, violence, and fear" in that Count I, alleges in part:

3

> "10. It was further part of the conspiracy that defendant ROBERT PANOZZO paid Joseph D. Abbott $1000 to set fire to Victim 1's van."
>
> 11. It was further a part of the conspiracy that on or about **February 28, 2009**, Joseph D. Abbott knowingly used a flammable liquid To set fire to a Dodge Caravan that was parked in the driveway of Victim 1's residence. (Emphasis added).
>
> 15. It was further part of the conspiracy that defendant ROBERT PANOZZO paid Joseph D. Abbott $4,000 to $5,000 to "blow up" Victim 1's residence.
>
> 16. It was further a part of the conspiracy that on or about **April 8, 2009**, Joseph D. Abbott used an incendiary device to knowingly set fire to the contents of several trash cans and the garage located at Victim 1's residence." (Emphasis added).

These allegations are fleshed out somewhat in Defendant's Plea Agreement with the United States, at Paragraphs 6 (g) and (I).

In the Cook County RICO Indictment, Count I alleges identical conduct to that charged in this Indictment as "Overt Acts Predating the Predicate Activity and/or Otherwise Involving Non-Predicate Offenses/Other Criminal Activity." Paragraph 13 of Count I states, in relevant part:

> <u>Overt Actions in Furtherance of the Racketeering Conspiracy</u>
>
> 13.a. On or about December 18, 2004 through and including August 8, 2014, at and within Cook County, Illinois, and elsewhere, the DEFENDANTS and other co-conspirators, known and unknown to the Grand Jury, in furtherance of the racketeering conspiracy, would and did...
>
> <u>February 2009 Arson Attack at or about 4422 Bayview Drive, Crystal Lake, Illinois</u>
> r. On or about **February 28, 2009**, in McHenry County, Illinois, and elsewhere, the DEFENDANTS and other co-conspirators...caused to be committed the offenses of arson...in that they, by means of fire or explosive, knowingly damaged personal property having a value of $150 or more, to wit, the 2009 Dodge Caravan, located at or about 4422 Bayview Drive, Crystal Lake, Illinois...". (Emphasis Added).
>
> <u>April 2009 Arson Attack at or about 4422 Bayview Drive, Crystal Lake, Illinois</u>
> s. On or about **April 8, 2009**, in McHenry County, Illinois, and elsewhere, the DEFENDANTS and other co-conspirators...caused to be committed the offense

4

> of arson....in that, by means of fire or explosive, knowingly damaged personal property...several trash cans, located at or about 4422 Bayview Drive, Crystal Lake, Illinois...[and] the detached garage at or about 4422 Bayview Drive, Crystal Lake, Illinois...." (Emphasis added).
>
> (See Cook County Bill of Indictment, attached to PSIR, at pp. 15, 20).

To be clear, Defendant in fact pleaded to Count II of the RICO Indictment in the Cook County case but its Defendant's position that under U.S.S.G. § 1B1.3, even uncharged and acquitted conduct may be considered if it is relevant conduct to the instant offense so the Count he pleaded guilty to shouldn't matter. Further, he pleaded guilty in Cook County to the offense of Racketeering under RICO, for the period of time between December 18, 2004 and August 8, 2014 rather than the individual predicates. Nobody can reasonably dispute that the two incidents of arson committed at the Bayview Drive residence were a part of the Racketeering charge he pleaded guilty to in Cook County even if it was not one of the factual predicates the parties stipulated to. In that Cook County case, a Grand Jury found probable cause to believe that the Defendant committed the exact same offenses as he has pleaded guilty to committing before this Court. On information and belief, the United States does not dispute that the conduct charged in both cases are identical as far as the arson in Count I of the Cook County Indictment being the same as in the allegations of Count I of this Indictment, which again are incorporated into Count III, the offense of conviction, in this case. (See Government's Official Version, at pp. 4, 5, 7, and 8 {discussing 4422 Bay View Drive, Crystal Lake, Illinois, as being the site of the fires set by Abbott.}).

In the Government's Official Version which was adopted by the Probation Department, the United States focuses on § 1B1.3 (a)(2)'s suggestion that because the Cook County Offense

would not be one required to be grouped if brought as a separate Count in the federal case, it cannot be relevant conduct. This is not an analysis of whether relevant conduct stems from grouping of closely related counts for purposes of determining a base offense level under the guidelines, but rather, whether a prior sentence should qualify for criminal history points in Defendant's federal case. In fact, §1B1.3 offers four different ways conduct may be determined to be relevant conduct, and (a)(2) is but one of them. Defendant's position is that the identical conduct to this case as charged could also be found to be relevant conduct under (a)(1) or (a)(4). Examination of application note 5( C) of § 1B1.3, which is entitled "Conduct Associated with a Prior Sentence states in the final paragraph:

> Note, however, in certain cases, offense conduct **associated** with a previously imposed sentence may be expressly charged in the offense of conviction. Unless otherwise provided, such conduct will be considered relevant conduct under subsection (a)(1), and not (a)(2). (Emphasis added).

Directly above this paragraph, the same application note gives an example of where a person is convicted and sentenced in state court of a cocaine sale, then in federal court of a second sale. The application note states that the first conviction does not count as a prior sentence under § 4A1.2(a)(1) because the two sales are not separated by an intervening sentence. Similarly, aside from the fact that the conduct alleged in both cases is identical, there was no intervening sentence separating the Cook County case from the federal Indictment. Finally, the emphasized portion of the above-referenced quote makes clear that the conduct from the prior sentence need only be conduct "associated" with the prior sentence to be considered relevant conduct under (a)(1). To that extent, the fact that he pleaded guilty to Count II of the Cook County Indictment and the Bayview fires were listed in Count I makes little difference as both Counts alleged Racketeering,

6

and it would be disingenuous to argue that the 4422 Bayview fires are not relevant to the Racketeering Indictment when in fact the allegations are enumerated in that Indictment and based upon probable cause found by a Cook County Grand Jury.

For the reasons set forth above, Defendant respectfully request that the Court reject the position of the United States and the Probation Department and refuse to levy three criminal history points against the Defendant as a prior sentence under U.S.S.G. § 4A1.2. Should the Court agree, Defendant's Guideline Adjusted Offense Level would remain at 30, and his criminal history points would equal 7, placing him in a criminal history category of IV, with an advisory guideline range of 135-168 months in the Federal Bureau of Prisons.

DEFENDANT RESPECTFULLY REQUESTS THAT THIS
HONORABLE COURT CONSIDER IMPOSING A VARIANCE AT SENTENCING
FROM HIS ADVISORY GUIDELINE RANGE AND SENTENCE
RECOMMENDED BY THE UNITED STATES AND THE PSIR.

Defendant respectfully requests that this Court consider imposition of a sentencing variance in this case from the recommended guideline range, and submits that a sentence of ten years run concurrent with his Cook County sentence would be consistent with the parsimony provision of 18 U.S.C. § 3553(a), without denigrating to any degree the goals of promoting respect for the law, protecting the public from future crimes of the Defendant, providing both general and specific deterrence, and providing just punishment for the offense. Furthermore, such a sentence would take into account the Defendant's age upon release, harmonize his sentence with that imposed by Cook County on the RICO Indictment for similar and arguably more severe types of conduct, while allowing him an opportunity to lead a productive life upon

release from his imprisonment. It is also Defendant's position that all of the § 3553(a) goals would be served by such a sentence. Those goals are, in relevant part:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed-
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant....
3. The kinds of sentences available;
4. The kinds of sentence and the sentencing range established for...
    (A) the applicable category of offense committed by the applicable category of defendant set forth in the guidelines...
5. Any pertinent policy statement...
6. The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
7. The need to provide restitution to any victims of the offense.

Title 18, United States Code § 3553(a) (in relevant part).

Defendant appears before the Court as a 59 year old who will be in his early to mid 60's upon his release from the Cook County sentence. The crime he is being sentenced for is over a decade old, and Defendant has already been locked up at the Cook County Jail for the last five years, giving him time to reflect upon his life and criminal history, and to realize that his life can no longer continue on the path of criminality and drug abuse it has been on. During the time he has been imprisoned since 2014, it is worth noting that the Defendant on information and belief has not received a single black mark on his record for misbehavior while in custody. (See PSIR, at ¶ 15. His efforts to be a model prisoner thus far have been motivated by numerous factors, including the fact that he missed the birth and infancy of his first grandchild, that he has grown tired of living the type of life he was living, and being away from his family for all of this time. Finally, his model behavior as a prisoner thus far was accomplished in the hope that both this

Court as well as the court in Cook County would see that he has abandoned his former ways, and now looks forward to release and an opportunity to demonstrate to both Courts that he is committed to rehabilitation and changing his life for the better. He hopes to obtain drug treatment while in the Bureau of Prisons, and the information contained in the PSIR suggests that he needs it and would benefit by it. He wants to get back out and become engaged for as long as his body will allow in pursuing his true passion and legitimate career, that of a carpenter/builder. As the character letters submitted by those who know him best shows, he is a man that despite his past transgressions is a good hearted man who is willing to go out of his way to help those in need, is extremely loyal, and a very hard worker.

Defendant recognizes, however, that his means of attempting to collect the debt he believes he was owed was inappropriate, and he accepts full responsibility for his illegal misconduct. Further, he is remorseful for his behavior, which is the first step toward reformation and rehabilitation. He has the support of his family and closest friends, and indicates that if given the opportunity to conclude his sentence during his mid 60's, he will prove to the Court and society that he can live out the rest of his years as a model parolee and a peaceful, law-abiding citizen. At ¶ 22 of the PSIR, the Probation Department notes that "defendant expressed that he was sorry that he made a mistake, that he wants to get back to life, and that he wants to get his mind right." Defendant hopes the Court will agree that these characteristics of both the offense and the Defendant support the idea that a sentence in the ten year range would be sufficient, but not greater than necessary to achieve the remaining goals in § 3553(a). In short, Defendant respectfully submits that there is little reason to levy a sentence in excess of ten years in this case, and that consideration should be given to the sentence imposed by the Cook County Judge who

accepted a plea agreement for eighteen years at fifty percent from the Defendant, who was charged not only with the identical conduct as the offense of conviction in this case, but also with a pattern of Racketeering activity spanning nearly a decade, replete with predicate offenses involving a host of alleged crimes arguably more serious than the offense of conviction before this Court.

In addition, the Defendant asks the Court when considering the deterrent effect of its sentence to consider the developing trend in this Circuit toward recognizing the discount rate as it applies to deterrence as a concept in the mind of the would be criminal, as well as the idea that violent crime is generally a "young man's game" and that a sentence removing Defendant from society past that point may in fact be greater than necessary under § 3553(a) (see United States v. Presley, No. 14-2704, slip. op. at 4-9 (June 11, 2015)(attached hereto as Exhibit A)). Writing for the Court, Judge Posner stated in terms of lengthy sentences that carry Defendants into old age:

> [a] sentence long enough to keep the defendant in prison until he enters the age range at which the type of criminal activity in which he has engaged is rare should achieve the aims of incapacitation and specific deterrence, while lengthening the sentence is unlikely to increase general deterrence significantly if the persons engaged in the criminal activity for which the defendant is being sentenced has a high discount rate; for beyond a point reached by a not very long sentence, such persons tend not to react to increases in sentence by abandoning their criminal careers.

Presley, slip op. at 8.

The Presley case also contains a lengthy discussion regarding the increased costs of incarceration for "aging prisoners" defined as prisoners age 50 years and older, of which Defendant qualifies as a 59 year old, and notes that the data supports that after age 50 there is a marked decrease in recidivism from inmates released from the Bureau of Prisons. Id. (See also excerpts from Office

10

of the Inspector General, U.S. Dept. Of Justice, "The Impact of an Aging Inmate Population on the Federal Bureau of Prisons," May 2015, https://oig.justice.gov/reports/2015/e1505.pdf. (attached hereto as Exhibit C). The data contained in Table 7 suggests that only 16% of inmates released in the 55-59 age group are re-arrested within the first 3 years of their release from BOP custody. Overall, the *Presley* case and the data cited to therein suggests that not only does general deterrence gain little from lengthier sentences, but also suggests that aging inmates pose less of a threat of recidivism than younger inmates, with this Defendant falling into the former category, both of which are factors recognized at § 3553(a)(2)(C-D).

Again, the Defendant at the present time is 59 years old, and will turn 60 on March 1, 2010. His Cook County sentence will carry him into his 63rd year, and his state parole will not end until he is 66 years old. Certainly at that point the Defendant will have entered into the area of longevity discussed by Judge Posner as being " the age range at which the type of criminal activity in which he has engaged is rare." Defendant prays this Honorable Court show mercy at sentencing in this case, and consider a sentencing variance and imprisonment of ten years in the Federal Bureau of Prisons, followed by whatever length of supervised release and conditions the Court deems appropriate. This type of sentence would certainly serve both specific and general deterrence, promote respect for the law, protect the public from future crimes of the Defendant, provide just punishment, and still be sufficient, but not greater than necessary in accord with the parsimony provision of § 3553(a).

CONCLUSION

FOR THE FOREGOING REASONS, the Defendant, ROBERT PANOZZO, respectfully prays this Honorable Court impose a sentence in conformity with his recommendations as set forth in this Sentencing Memorandum, as well as granting such other and further relief as this Court deems equitable and just.

                                        Respectfully Submitted,

                                        ROBERT PANOZZO

BY:   /s/ Mark A. Byrd
          Mark A. Byrd
          Attorney for the Defendant

Mark A. Byrd
Attorney for the Defendant
IL ARDC # 6206618
308 W. State St. Ste. 450
Rockford, IL 61101
(815) 964-5492 Office
(815) 964-5395 Fax
bayarad@aol.com

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

DEFENDANT'S CORRECTED SENTENCING MEMORANDUM

was served pursuant to the district court's ECF system as to ECF filers on September 13, 2019.


                    /s/ Mark A. Byrd
                    Mark A. Byrd


Mark A. Byrd
Attorney for the Defendant
IL ARDC # 6206618
308 W. State St. Ste. 450
Rockford, IL 61101
(815) 964-5492 Office
(815) 964-5395 Fax
bayarad@aol.com